1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES M. MOMAH, | CASE NO. C20-1713 MJP |
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| ERIC JACKSON, | |
| Respondent. | |

THIS MATTER comes before the Court upon Petitioner Charles M. Momah's Objections (Dkt. No. 7) to the Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 6). Having reviewed the Report and Recommendation, the Objections, and all related papers, the Court ADOPTS the Report and Recommendation and TRANSFERS this matter to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 and Ninth Circuit Rule 22-3.

<u>Pro se</u> petitioner Charles Momah filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, challenging the same conviction at issue in his previous habeas petition, which was

denied with prejudice.  (Dkt. No. 5); Momah v. Uttecht, C15-0536-JCC (Dkt. Nos. 36, 39-41 & 44).  The Ninth Circuit affirmed dismissal of Petitioner's previous habeas petition and, on August 7, 2017, issued its mandate.  Id., Dkt. Nos. 47-49.  Therefore, in her Report and Recommendation, Magistrate Judge Theiler construed Petitioner's current habeas petition as a request for permission to file a successive petition, recommending that the Court transfer this matter to the Ninth Circuit pursuant to 28 U.S.C. § 1631.  (Dkt. No. 6 at 2.)

Petitioner now objects, asking to withdraw Ground Three of his present habeas petition, which concerned a Batson challenge previously heard by the Ninth Circuit, and arguing that the remainder of his petition concerns new evidence.  Under Federal Rule of Civil Procedure 72, the Court must resolve de novo any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition.  Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

Petitioner contends that he has new evidence that was not part of his previous habeas petition, specifically the testimony of witnesses who he alleges will demonstrate his innocence.  (Id. at 2.)  He alleges that because his trial counsel was aware of these witnesses but failed to call them to testify, he received ineffective assistance of counsel.  Petitioner previously raised this argument in appealing the dismissal of his last habeas petition, and it was addressed by the Ninth Circuit:

> Momah's brief included an argument that he was denied effective assistance of counsel by his trial attorney's failure to call certain witnesses and to explore certain defenses. We treat this briefing as a motion to expand the certificate of appealability. Ninth Circuit Rule 22-1(e). The standard for the issuance of a certificate is that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  Momah has not shown that jurists of reason could disagree with the district court's determination that the Washington Court of Appeals did not unreasonably apply Strickland v. Washington, 466 U.S. 668

1  (1984), or that the Washington Court of Appeal's consideration of his ineffective assistance of counsel claim, In re Momah, 179 Wn. App. 1001 (2014), deserves
2  encouragement. The request for a further certificate of appealability is denied.
3  Id. Dkt. No. 47 at 6.  Because the petition currently before the Court is successive, as it
4  challenges the same conviction as Petitioner's previous habeas petition, the Court agrees with
5  Magistrate Judge Theiler's recommendation and construes Petitioner's current habeas petition as
6  a request for permission to file a successive petition.  (Dkt. No. 6 at 2.)

**Conclusion**

8  The Court, having reviewed the proposed 28 U.S.C. § 2254 petition for writ of habeas
9  corpus, the Report and Recommendation of the Honorable Mary Alice Theiler, United States
10 Magistrate Judge, any objections or responses thereto, and the remaining record, finds and orders
11 as follows:
12  (1) The Court ADOPTS the Report and Recommendation;
13  (2) The proposed petition is construed as a request for permission to file a second or
14 successive petition, and this case is hereby TRANSFERRED to the Ninth Circuit Court of
15 Appeals pursuant to 28 U.S.C. § 1631 and Ninth Circuit Rule 22-3;
16  (3) Petitioner is advised that this transfer does not of itself constitute compliance with
17 2244(b)(3) and Ninth Circuit Rule 22-3; he must still file a motion for leave to proceed in the
18 Court of Appeals and make the showing required by § 2244(b)(2); and
19  (4) The Clerk is directed to close this case and to transfer all original documents to the
20 Ninth Circuit Court of Appeals. The Clerk shall, however, retain a copy of the petition and this
21 Order in the file. The Clerk shall also direct copies of this Order to Petitioner and to Judge
22 Theiler.
23 //
24

1          Dated February 19, 2021.

2

3                                                    /s/ Marsha J. Pechman
                                                     Marsha J. Pechman
4                                                    United States Senior District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 4